66 F.3d 347
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Alejandro A. ROMERO, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 95-3278.
 United States Court of Appeals, Federal Circuit.
 Sept. 14, 1995.
 
 Before NEWMAN, RADER, and BRYSON, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Alejandro A. Romero petitions for review of a decision of the Merit Systems Protection Board, Docket No. SE-0831-93-0129-I-1, in which the Board dismissed Romero's petition for review of an initial decision and denied his request for reopening of his case. We affirm.
 
 BACKGROUND
 
 2
 Romero, a retired teacher from the Philippines, filed an application with the Office of Personnel Management (OPM) seeking a deferred annuity under the Civil Service Retirement Act (CSRA). OPM denied his application, and he appealed to the Merit Systems Protection Board. The Administrative Judge upheld OPM's decision, ruling that Romero's service as a teacher in the Philippines between 1923 and 1935 did not constitute qualifying federal service for purposes of the CSRA.
 
 
 3
 Romero did not file a timely petition for review of the Administrative Judge's initial decision. That decision therefore became the final decision of the Board on May 27, 1993. Approximately 16 months later, Romero filed an out-of-time petition for review with the Board and a request that the Board reopen his case. As the reason for seeking out-of-time relief, Romero cited an unpublished decision of this court, which he regarded as helpful to his claim on the merits.
 
 
 4
 The Board declined to grant relief. It held that Romero had not shown good cause for his untimely petition for review, and that there were no unusual circumstances that justified reopening his case more than a year after it became final. Romero then sought review from this court.
 
 DISCUSSION
 
 5
 Romero argues that the Board abused its discretion by declining to reopen his case. Pursuant to statute and its own regulations, the Board may reopen a closed case when the interests of justice require. See 5 U.S.C. 1(e)(1)(B); 5 C.F.R. Sec. 1201.117. The decision whether to reopen, however, is committed to the Board's discretion and will not be upset in the absence of a clear abuse of that discretion. See Azarkhish v. Office of Personnel Management, 915 F.2d 675, 679 (Fed.Cir.1990). The record in this case does not reflect an abuse of discretion by the Board.
 
 
 6
 This is not a case in which the record makes clear that the Board's prior decision was in error and the only barrier to relief is the finality of the Board's decision. Rather, the Administrative Judge made a determination that during the pertinent period Romero was not employed in a position that entitled him to coverage under the CSRA. While Romero contends that the Administrative Judge's ruling was in error, it is far from clear that he would be entitled to relief on the merits even if his case had not already become final. The Board is not required to conduct a full review on the merits in each case in order to determine whether to reopen a case that has become final. In the absence of a showing of exceptional circumstances, the Board's decision not to reopen a case cannot be deemed an abuse of discretion. Because Romero has failed to point to any exceptional circumstances in this case, the Board's determination must be upheld.